## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Erin Wilson, individually and on behalf of
others similarly situated,

     Plaintiff,

v.

Real Health Roots, LLC,

     Defendant.

CIVIL ACTION FILE NO.

1:25-cv-03808-SEG

## DEFENDANT REAL HEALTH ROOTS, LLC'S VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Real Health Roots, LLC ("Defendant"), by and through undersigned counsel, hereby submits this Answer to Plaintiff's Class Action Complaint ("Complaint") and respectfully states as follows:

### INTRODUCTION

### ANSWER[1]

Unless expressly admitted below, all the allegations of the Complaint are denied. To the extent that any allegations of the Complaint are inconsistent with or unanswered by the answers below, they are denied. Defendant's investigation is not

---

[1] Defendant has included in this Answer the Complaint's headings merely for ease of reference. By including such headings, Defendant does not admit the headings are true or accurate.

yet complete and is continuing and Defendant therefore reserves the right to amend any statements in this Answer. In answering the specific allegations of the Complaint, Defendant states as follows:

## NATURE OF THIS ACTION

1.     Defendant admits that this action is brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendant denies all other allegations in paragraph 1 of the Complaint.

2.     Defendant denies the allegations in paragraph 2 of the Complaint and specifically denies that it violated 47 C.F.R. § 64.1200(c) and 47 U.S.C. § 227(c)(5).

## JURISDICTION AND VENUE

3.     Defendant admits that this Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4.     Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5.     Defendant admits that it delivered or caused to be delivered text messages to telephone numbers in this district, but denies that such messages were delivered in violation of the TCPA.

## PARTIES

6.      Defendant denies the allegations of paragraph 6 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence.

7.      Defendant admits the allegations of paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8.      Defendant denies the allegations in paragraph 8 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's use of telephone number (404) XXX-XXXX.

9.      Defendant denies the allegations in paragraph 9 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's use of telephone number (404) XXX-XXXX for personal residential purposes.

10.     Defendant denies the allegations in paragraph 10 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff has a landline.

11.     Defendant denies the allegations of paragraph 11 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 11 regarding whether Plaintiff has other telephone numbers for personal purposes.

12.    Defendant denies the allegations of paragraph 12 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding whether Plaintiff has a personal telephone plan through T-Mobile, which is paid for by Plaintiff.

13.    Defendant denies the allegations of paragraph 13 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 regarding whether Plaintiff uses (404) XXX-XXXX for business or commercial purposes.

14.    Defendant denies the allegations of paragraph 14 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 regarding whether Plaintiff registered (404) XXX-XXXX with the DNC Registry on June 19, 2024.

15.    Defendant admits the allegations in paragraph 15.

16.    Defendant admits the allegations in paragraph 16 of the Complaint, and states further that these are the only text messages sent to the telephone number (404) XXX-XXXX.  Defendant does not purchase leads from third party vendors. The messages depicted in paragraph 16 of Plaintiff's complaint were sent because

Plaintiff or another person entered the phone number above as contact information into the form attached hereto as **Exhibit A**. The Plaintiff or another individual, would have completed the form.

17.     Defendant denies the allegations of paragraph 17 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 regarding whether Plaintiff registered (404) XXX-XXXX with the DNC Registry on a particular date.

18.     Defendant denies the allegations in paragraph 18 of the Complaint and specifically denies that the text messages were intended for someone other than Plaintiff, or alternatively, states that another person input Plaintiff's phone number intentionally, at plaintiff's direction, or by accident. Defendant states further that any number that receives the three text messages depicted in paragraph 18 of the Complaint, does so because they input a mobile phone number into the form in paragraph 16 above indicating a desire to attend the Blood Sugar Makeover Masterclass conducted by Dr. Gupta, after viewing an advertisement on social media. The first email is a confirmation that the individual who entered their phone number is registered for the Masterclass. The second is a prompt to join the Masterclass as it begins. The third text arose due to some technical issues with access to the live online Masterclass. Each text has instructions to opt out of further

communications. Once the recipient responds STOP or DND, which the Plaintiff did after the 2nd and 3rd texts, the text messages stopped, and the phone number is placed on Defendant's internal do not call list, like Plaintiff's number was in this case. The entire message protocol is capped at one confirmation message and follow up reminder that the class is about to start, as depicted in paragraph 16 of Plaintiff's Complaint. In this case, because of the technical difficulties some attendees of the Masterclass experienced, a third text message was sent. The complete protocol typically concludes in days from the initial inquiry, as shown in the images in paragraph 16 of the Complaint.

19.    Defendant denies the allegations in paragraph 19 of the Complaint and specifically denies that the purpose of the text messages was to advertise and market Defendant's business or services in violation of the TCPA. Rather, the text messages were sent to confirm the recipient's registration for the Masterclass, remind the recipient the class was beginning, and in this case, to address technical difficulties some attendees had accessing the class.

20.    Defendant denies the allegations in paragraph 20 of the Complaint and specifically denies that any text served as a pretext for promoting and selling Defendant's health related services.

21.     Defendant denies the allegations in paragraph 21 of the Complaint and specifically denies that the true purpose of any text was to generate leads and drive sales of Defendant's commercial offerings.

22.     Defendant denies the allegations in paragraph 22 of the Complaint and specifically denies that any promoted any particular service.

23.     Defendant denies the allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24 of the Complaint and specifically denies that the masterclass functioned as a lead-generation tool designed to solicit paid business from attendees. The Masterclass was a live event on social media, that attendees chose to attend, not a text or telephone call, and therefor not a communication violative of the TCPA.

25.     Defendant denies the allegations in paragraph 25 of the Complaint and specifically denies that any text message served as a pretext to market Defendant's commercial offerings.

26.     Defendant admits it advertises treatments on its website but denies that this is violative, or even relevant to, any claim alleged under the TCPA, and denies any remaining allegations, not expressly admitted herein, in paragraph 26 of the Complaint.

27.    Defendant denies the allegations in paragraph 27 of the Complaint and specifically denies that it did not have prior express consent or permission to deliver text messages to Plaintiff's telephone number. Plaintiff, or someone at Plaintiff's direction, or some third individual intentionally entered Plaintiff's phone number. Further, each text message included instructions to stop further texts, and once those instructions were received by the two separate numbers utilized, the text messages ceased., To the extent Plaintiff ratified the consent provided by Plaintiff's invitation to be contacted by Real Health Roots, LLC about the Masterclass, waived any claim of lack of consent.

28.    Defendant denies the allegations in paragraph 28 of the Complaint and specifically denies that the text messages at issue were "promotional" materials and denies that Plaintiff did not request information or promotional materials from Defendant.

29.    Defendant denies the allegations in paragraph 29 of the Complaint and specifically denies that Plaintiff suffered actual harm as alleged.

## CLASS ACTION ALLEGATIONS

30.    Defendant denies the allegations in paragraph 30 of the Complaint and specifically denies that this action is appropriate for class treatment under Federal Rule of Civil Procedure 23. Either Plaintiff entered Plaintiff's own phone number

into Defendant's class registration form, or someone else did intentionally or by mistake. In either case, Plaintiff has no good faith basis to believe that there are any other individuals similarly situated to Plaintiff, much less a sufficient number of people whose numbers were input intentionally or by mistake by another individual.

31.    Defendant denies the allegations in paragraph 31 of the Complaint regarding the proposed class definition and specifically denies that the proposed class meets the requirements of Rule 23.

32.    Defendant denies the allegations in paragraph 32 of the Complaint and specifically denies that the members of the proposed class are so numerous that joinder of all of them is impracticable, and states, rather that it is unlikely that there are any other individuals similarly situated to Plaintiff because Real Health Roots only communicates with individuals who insert their phone numbers into Real Health Roots' class registration form depicted in paragraph 16 above.

33.    Defendant denies the allegations in paragraph 33 of the Complaint and specifically denies that the exact number of members of the proposed class is unknown to Plaintiff.

34.    Defendant denies the allegations in paragraph 34 of the Complaint and specifically denies that the proposed class is ascertainable.

35.    Defendant denies the allegations in paragraph 35 of the Complaint and specifically denies that the members of the proposed class are identifiable through objective criteria.

36.    Defendant denies the allegations in paragraph 36 of the Complaint and specifically denies that Plaintiff's claims are typical of the claims of the members of the proposed class.

37.    Defendant denies the allegations in paragraph 37 of the Complaint and specifically denies that Defendant delivered or caused to be delivered solicitation text messages to Plaintiff's telephone number in violation of the TCPA.

38.    Defendant denies the allegations in paragraph 38 of the Complaint and specifically denies that Plaintiff's claims and the claims of the members of the proposed class originate from the same conduct, practice, and procedure.

39.    Defendant denies the allegations in paragraph 39 of the Complaint and specifically denies that Plaintiff's claims are based on the same theories as the claims of the members of the proposed class.

40.    Defendant denies the allegations in paragraph 40 of the Complaint and specifically denies that Plaintiff suffered the same injuries as the members of the proposed class.

41.     Defendant denies the allegations in paragraph 41 of the Complaint and specifically denies that Plaintiff will fairly and adequately protect the interests of the members of the proposed class.

42.     Defendant denies the allegations in paragraph 42 of the Complaint and specifically denies that Plaintiff's interests are not directly or irrevocably antagonistic to the interests of the members of the proposed class.

43.     Defendant denies the allegations in paragraph 43 of the Complaint and specifically denies that Plaintiff will vigorously pursue the claims of the members of the proposed class.

44.     Defendant denies the allegations in paragraph 44 of the Complaint regarding Plaintiff's retention of experienced and competent class action counsel.

45.     Defendant denies the allegations in paragraph 45 of the Complaint regarding Plaintiff's counsel's vigorous pursuit of the matter.

46.     Defendant denies the allegations in paragraph 46 of the Complaint regarding Plaintiff's counsel's assertion, protection, and representation of the members of the proposed class.

47.     Defendant denies the allegations in paragraph 47 of the Complaint and specifically denies that the questions of law and fact common to the members of the proposed class predominate over questions that may affect individual members.

48.     Defendant denies the allegations in paragraph 48 of the Complaint regarding issues of law and fact common to all members of the proposed class.

49.     Defendant denies the allegations in paragraph 49 of the Complaint and specifically denies that a class action is superior to other available methods for the fair and efficient adjudication of this matter.

50.     Defendant denies the allegations in paragraph 50 of the Complaint and specifically denies that if brought and prosecuted individually, the claims of the members of the proposed class would require proof of the same material and substantive facts.

51.     Defendant denies the allegations in paragraph 51 of the Complaint and specifically denies that the pursuit of separate actions by individual members of the proposed class would be dispositive of the interests of other members or substantially impair their ability to protect their interests.

52.     Defendant denies the allegations in paragraph 52 of the Complaint and specifically denies that the pursuit of separate actions by individual members of the proposed class could create a risk of inconsistent or varying adjudications.

53.     Defendant denies the allegations in paragraph 53 of the Complaint and specifically denies that varying adjudications and incompatible standards of conduct could create inconsistent rights within the proposed class.

54.    Defendant denies the allegations in paragraph 44 of the Complaint and specifically denies that the damages suffered by individual members of the proposed class may be relatively small.

55.    Defendant denies the allegations in paragraph 55 of the Complaint and specifically denies that the pursuit of Plaintiff's claims and the claims of the members of the proposed class in one forum will achieve efficiency and promote judicial economy.

56.    Defendant denies the allegations in paragraph 56 of the Complaint and specifically denies that there will be no extraordinary difficulty in the management of this action as a class action.

57.    Defendant denies the allegations in paragraph 57 of the Complaint and specifically denies that Defendant acted or refused to act on grounds generally applicable to the members of the proposed class.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(C)(5)

58.    Defendant repeats and re-alleges each and every denial and affirmative defense set forth in paragraphs 1-57 above.

59.    Defendant denies the allegations in paragraph 59 of the Complaint and specifically denies that Plaintiff's number qualifies for any presumption that it was

used solely for residential purposes simply because it was placed on the DNC registry.

60.    Defendant denies the allegations in paragraph 60 of the Complaint and specifically denies that the text messages in this case were "calls" prohibited by the TCPA.

61.    Defendant denies the allegations in paragraph 61 of the Complaint and specifically denies that the TCPA's implementing regulation prohibits telephone solicitation to residential telephone subscribers who have provided their phone number as part of a business transaction, regardless of the presence of that number on the DNC registry.

62.    Defendant denies the allegations in paragraph 62 of the Complaint and specifically denies that Section 64.1200(c) applies to the communications at issue in this case.

63.    Defendant denies the allegations in paragraph 63 of the Complaint and specifically denies that any person who has received more than one telephone call within any 12-month period may bring a private action based on a violation of the regulations where consent or invitation to contact was provided.

64.     Defendant denies the allegations in paragraph 64 of the Complaint and specifically denies that it violated 47 C.F.R. § 64.1200(c) by initiating or causing to be initiated telephone solicitations to Plaintiff and the proposed class members.

65.     Defendant denies the allegations in paragraph 65 of the Complaint and specifically denies that it violated 47 U.S.C. § 227(c)(5) by delivering or causing to be delivered solicitation text messages to Plaintiff and members of the proposed class.

66.     Defendant denies the allegations in paragraph 66 of the Complaint and specifically denies that as a result of Defendant's alleged violations, Plaintiff and the members of the proposed class are entitled to damages.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's claims:

### First Defense
### (Failure to State a Claim)

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### Second Defense
### (Subject Matter Jurisdiction)

The Court lacks subject matter jurisdiction over this case because Plaintiff has not suffered any injury or harm cognizable under Article III of the U.S. Constitution.

### Third Defense
### (No Violation of Privacy Rights)

The calls at issue did not adversely affect Plaintiff's privacy rights.

### Fourth Defense
### (Prior Express Consent or Permission)

The Complaint is barred, in whole or in part, on the grounds of prior express consent, permission or invitation or business relationship. Specifically, Plaintiff or someone acting on Plaintiff's behalf submitted Plaintiff's telephone number when signing up to attend a Masterclass offered by Defendant on social medi, which constituted prior express consent and/or invitation under the TCPA. The class registration form clearly indicated that submitting the form would result in contact from Defendant.

### Fifth Defense
### (Adequate Remedy at Law)

The Complaint fails to state a valid claim for injunctive relief because Plaintiff cannot establish, among other things, that they do not have an adequate remedy at law. Plaintiff is expressly seeking damages under the TCPA, which would be adequate legal remedies, if any liability were found on the part of Defendant.

### Sixth Defense
### (No Class Capable of Certification)

Plaintiff has not validly stated a class of litigants capable of certification for a class under the Federal Rules of Civil Procedure.

**Seventh Defense**
**(Inadequate Representation)**

Plaintiff will not fairly and adequately protect the interests of the class because, among other things, Plaintiff's claims are not typical of other individuals who completed the same class registration form on Defendant's website and entered their phone numbers to be contacted.

**Eighth Defense**
**(Insufficient Facts to Support Class Certification)**

The Complaint is barred, in whole or in part, on the grounds that Plaintiff does not allege sufficient facts to support class certification and instead rest their class allegations "upon information and belief".

**Ninth Defense**
**(Excessive Fines)**

The TCPA, codified at 47 U.S.C. § 227, upon which Plaintiff's claim relies, violates the Due Process Clause under the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on a defendant, and if a class were to be certified and liability were found, the statutory damages provided for in the TCPA would be grossly disproportionate to any nominal "harm" suffered by the putative class members.

### Tenth Defense
### (No Willful Conduct)

Even if any violation of the TCPA occurred, which is denied, such violation was not willful or knowing, and therefore Plaintiff is not entitled to enhanced damages under 47 U.S.C. § 227(c)(5)(C).

### Eleventh Defense
### (No Statutory Damages)

Plaintiff is not entitled to statutory damages because Defendant did not engage in any conduct in violation of the TCPA.

### Twelfth Defense
### (No Attorneys' Fees or Costs)

Plaintiff is not entitled to attorneys' fees or costs.

### Thirteenth Defense
### (The TCPA is Unconstitutional)

The TCPA, codified at 47 U.S.C. § 227, upon which Plaintiff's claim relies, violates the First Amendment of the U.S. Constitution.

### Fourteenth Defense
### (Acts of Other Parties)

The Complaint is barred because the sole and/or proximate cause of damages claimed by Plaintiff, if any, was due to acts of persons or entities other than Defendant.

**Fifteenth Defense**
**(Statute of Limitations)**

Plaintiff's proposed class definition contains an impermissible time limit, and thus, potentially exceeds the applicable statute of limitations.

**Sixteenth Defense**
**(Res Judicata)**

Plaintiff's claim is barred, in whole or in part, by the doctrine of res judicata.

**Seventeenth Defense**
**(Failure to Join Indispensable Parties)**

Plaintiff's claim is barred, in whole or in part, based on failure to join one or more indispensable parties.

**Eighteenth Defense**
**(Release)**

Plaintiff's claim is barred, in whole or in part, on the basis that Plaintiff released such claim against Defendant.

**Nineteenth Defense**
**(Unclean Hands)**

Plaintiff's claim is barred, in whole or in part, based on Plaintiff's own unclean hands.

**Twentieth Defense**
**(Laches)**

Plaintiff's claim is barred, in whole or in part, based on the doctrine of laches.

### Twenty-first Defense
### (Waiver)

Plaintiff waived any right to object to receiving text messages from Defendant by submitting a class registration form on Defendant's website requesting to be contacted and by failing to object to the initial communications.

### Twenty-second Defense
### (Lack of Good Faith)

Plaintiff's claim is barred, in whole or in part, by Plaintiff's lack of good faith.

### Twenty-third Defense
### (No Liability)

Defendant is not liable for the texts because the texts at issue were made by third parties.

### Twenty-fourth Defense
### (Established Business Relationship)

Defendant had an established business relationship with Plaintiff and the proposed class members. Plaintiff or someone acting on Plaintiff's behalf initiated contact with Defendant by submitting a class registration form requesting to be contacted about Defendant's services, and providing Plaintiff's phone number thereby establishing a business relationship that permitted subsequent communications under the TCPA.

### Twenty-fifth Defense
### (Non-Promotional Communications)

The text messages at issue were not promotional or marketing communications but were instead informational messages related to scheduling consultations that Plaintiff or someone acting on Plaintiff's behalf had requested through Defendant's website class registration form. These communications fall outside the scope of the TCPA's restrictions on promotional text messages.

### Twenty-sixth Defense
### (Lack Of Standing)

Plaintiff lacks standing to bring this action because Plaintiff has not suffered any concrete injury-in-fact as required by Article III of the United States Constitution. The alleged receipt of text messages for which consent was provided does not constitute a cognizable injury.

### Twenty-seventh Defense
### (Compliance With TCPA Safe Harbor)

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5). Defendant only sends text messages to individuals who have provided their contact information through Defendant's website class registration form thereby providing consent or invitation to be contacted.

## Twenty-eighth Defense
### (Automatic Opt-Out Procedures)

Defendant maintains automatic opt-out procedures whereby individuals who request to stop receiving communications are immediately placed on a "do not disturb" list, demonstrating compliance with TCPA requirements and good faith efforts to honor consumer preferences.

## Twenty-ninth Defense
### (No Damages)

Plaintiff and the proposed class members, if any, have not suffered any actual damages as a result of the alleged conduct. The communications at issue were requested through Defendant's website class registration form and related to scheduling consultations for plastic surgery services from Defendant.

## Thirtieth Defense
### (Estoppel)

Plaintiff is estopped from claiming that the text messages were unwanted or violated the TCPA because Plaintiff or someone acting on Plaintiff's behalf affirmatively requested contact from Defendant through the website class registration form.

### Thirty-first Defense
**(Good Faith Reliance)**

Defendant acted in good faith reliance on its understanding of TCPA requirements and its established procedures for obtaining consent through website contact forms.

### Thirty-second Defense
**(Lack of Causation)**

Plaintiff cannot establish that any alleged TCPA violation was the proximate cause of any claimed damages or injuries.

### Thirty-third Defense
**(Regulatory Uncertainty and Recent Rule Changes)**

The regulatory landscape surrounding TCPA consent requirements has been subject to significant uncertainty and recent changes. The Eleventh Circuit's January 2025 decision in *Insurance Marketing Coalition Limited v. FCC*, 127 F.4th 303 (11th Cir. 2025) vacated the FCC's one-to-one consent rule, demonstrating the evolving and uncertain nature of TCPA regulations. Defendant's conduct occurred during a period of regulatory uncertainty, and any alleged violations should be evaluated in light of this uncertainty.

### Thirty-fourth Defense
**(No Quiet Hours Violation)**

To the extent Plaintiff alleges any violation related to the timing of text messages, such claims fail because: (a) the messages were sent with prior express

consent, (b) the messages were not "telephone solicitations" as they were informational communications about requested services, and (c) quiet hours restrictions under the TCPA apply only to unsolicited telephone solicitations, not to consented communications.

### <u>Thirty-fifth Defense</u>
### (Compliance with Current Regulatory Framework)

Defendant's text messaging practices comply with the current regulatory framework under the TCPA, including the requirements that remain in effect following the Eleventh Circuit's vacation of certain FCC rules. Defendant obtained consent through its website class registration form, which satisfies current TCPA requirements.

### <u>Thirty-sixth Defense</u>
### (Class Certification Inappropriate)

This action is not appropriate for class treatment under Federal Rule of Civil Procedure 23 because:

a) Lack of Numerosity: The proposed class is not so numerous that joinder is impracticable;

b) Lack of Commonality: There are no questions of law or fact common to the class because individual inquiries will be required to determine whether each proposed class member provided consent or had an established business relationship with Defendant;

c) Lack of Typicality: Plaintiff's claims are not typical of the proposed class because Plaintiff is subject to individual defenses, including

prior express consent and established business relationship, that may not apply to other proposed class members;

d) Inadequate Representation: Plaintiff cannot fairly and adequately protect the interests of the proposed class because he is subject to unique defenses that create conflicts of interest with other proposed class members;

e) Lack of Predominance: Individual questions regarding consent, established business relationships, and the circumstances surrounding each communication predominate over any common questions, making class treatment inappropriate;

f) Superiority: A class action is not superior to other available methods for fairly and efficiently adjudicating this controversy because individual issues predominate and individual actions would be more appropriate.

### **Thirty-seventh Defense**
### **(Individual Inquiries Defeat Class Treatment)**

The determination of whether or if any proposed class member received communications without providing consent, in light of the fact that only those who complete the Defendant's website class registration form and input a phone number to use to contact them about scheduling a consultation, receive any calls in the first place requires individualized inquiries that defeat the commonality, typicality, and predominance requirements for class certification under Rule 23.

### Thirty-eighth Defense
### (Failure To Mitigate Damages)

Plaintiff failed to mitigate any alleged damages by failing to promptly notify Defendant of any objection to receiving the communications or by failing to utilize available opt-out mechanisms.

### Thirty-ninth Defense
### (Preemption)

To the extent state law claims are asserted, such claims are preempted by federal law, including the TCPA.

### Fortieth Defense
### (Lack Of Ascertainable Class)

The proposed class is not ascertainable because determining class membership requires individualized inquiries into consent, invitation and/or business relationships that cannot be determined through objective criteria.

### Forty-first Defense
### (Reservation of Rights)

Defendant reserves the right to assert additional affirmative defenses as may become available through discovery or as may be permitted by law.

### PRAYER FOR RELIEF

Defendant denies that it engaged in any wrongful conduct, that Plaintiff has been injured by any alleged conduct by Defendant, and that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant Real Health Roots, LLC respectfully requests that this Honorable Court:

a) Dismiss the Complaint with prejudice for failure to state a claim upon which relief can be granted;

b) Deny class certification and strike all class action allegations pursuant to Federal Rule of Civil Procedure 23;

c) Enter judgment in favor of Defendant on all claims asserted in the Complaint;

d) Award Defendant its reasonable attorneys' fees, costs, and expenses incurred in defending this action;

e) Grant such other and further relief as this Court deems just and proper.

### JURY DEMAND

Defendant gives notice of its reliance on Plaintiff's demand for a trial by jury contained in Plaintiff's Complaint.

Submitted on this 4th day of September, 2025.

**HOLLAND & KNIGHT LLP**

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No.: 097107
Matthew T. Covell
Georgia Bar No. 190735
1180 West Peachtree Street
Suite 1800
Atlanta, GA 30309
Phone: (404) 817-8500
cynthia.burnside@hklaw.com
matthew.covell@hklaw.com

*Attorneys for Defendant*
*Real Health Roots, LLC*

# Exhibit A

**Starting August 18th, 2025**

# Discover the quickest, smartest, and healthiest way to get to the root cause with Dr. Raj Andrew Gupta, DC

Will there ever be an end to all these conditions and medications?

Dr. Raj Andrew Gupta, DC is optimistic in such a future. His optimism is rooted not only in his research and studies, but also in his direct clinical experience. Dr. Gupta has significant experience in his private practice showing his patients how to reverse their condition.

Dr. Gupta's professional path was completely altered due to a close relationship he developed with one of his first patients. Ms. Carmen had become like a second Mom to him. She suffered from high levels of sugar in her blood, and although she did everything her doctors instructed - it took her life prematurely. This experience caused Dr. Gupta to do some serious soul searching, because he knew that he didn't have the education, knowledge, and tools to help her - despite being a doctor.

Motivated to revolutionize the industry and develop a new approach for those suffering, Dr. Gupta spent countless hours researching and taking post-doctorate courses in an effort to find the missing links. Ultimately, he developed an approach, and a system, that has led to thousands of his patients to being able to reverse their condition. He is now ready to share his blueprint outside of his private practice.

# The 5-Day Blood Sugar Makeover Masterclass with Dr. Raj Gupta, DC

will allow you to access his substantial clinical experience and access his Blueprint to get to the root cause.

**First Name**

First Name

**Last Name**

Last Name

**Email \***

Email

**Phone** *

> Phone

☐ *By registering you agree to receive emails and text messages about the master-class and understand that no doctor-patient relationship is being created. You also agree the masterclass is for informational purposes only, and that you should not alter your health regimen without guidance from your doctor. Any in-formation you share will be kept private and confidential.*

Click Here to Sign Up for Our Masterclass

Starting August 18th, 2025

 Real Health Roots™

This site is not a part of the Facebook™ website or Facebook™ Inc. Additionally, this site is NOT endorsed by Facebook™ in any way. FACEBOOK™ is a trademark of FACEBOOK™, Inc.

Copyright 2025 | Dr. Raj Gupta, DC.

**Privacy Policy**

**Terms of Service**

## **VERIFICATION**

Dr. Raj Andrew Gupta, under penalty of perjury, states as follows:

I am the Owner of Defendant Real Health Roots, LLC. I have read the foregoing Verified Answer, and know the contents thereof, the same is true to my own knowledge. All of the matters stated in the foregoing document are not within my personal knowledge and there is no officer or employee of Real Health Roots, LLC who has personal knowledge of all such matters. The facts and information contained in the foregoing document have been assembled by authorized employees and counsel, and I am informed are true and correct to the best of my knowledge, information and belief.

Executed this ___4th___ day of September, 2025.

Raj Andrew Gupta, DC

## **LR 7.1(D) FONT COMPLIANCE CERTIFICATION**

The undersigned counsel for Defendant hereby certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

This 4th day of September, 2025.

**HOLLAND & KNIGHT LLP**

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No. 097107

*Attorneys for Defendant*
*Real Health Roots, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of the foregoing on counsel through the Court's CM/ECF system which automatically provides a copy to counsel of record.

This 4th day of September, 2025.

**HOLLAND & KNIGHT LLP**

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No. 097107

*Attorneys for Defendant*
*Real Health Roots, LLC*