# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| Erin Wilson, on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) | CIVIL ACTION FILE
| | ) | NO. 1:25-cv-03808-SEG
| Real Health Roots, LLC | ) ) ) |
| Defendant. | ) ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Erin Wilson ("Plaintiff") and Defendant Real Health Roots, LLC ("Defendant") and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

**1. Description of Case:**

**(a)   Describe briefly the nature of this action.**

Plaintiff's Statement:

Plaintiff filed a class action complaint against Defendant through which is it asserted Defendant routinely violated the Telephone Consumer Protection Act ("TCPA") by delivering, or causing to be delivered, text to cellular telephone

numbers of individuals on the Do Not Call Registry who had no relationship with Defendant, despite that being required by the TCPA.

There are no pending or previously adjudicated related cases.

Defendant's Statement:

Defendant states that the allegations in paragraph 16 of the Complaint reflect the only text messages sent to Plaintiff'stelephone number (404) XXX-XXXX. Defendant does not purchase leads from third party vendors. Defendant generates its own leads through its social media advertisements and posts.  The messages depicted in paragraph 16 of Plaintiff's complaint were sent almost one year after Plaintiff registered the phone number above on the Do Not Call Registry because Plaintiff or another person at Plaintiff's direction, or with Plaintiff's permission and/or knowledge, entered the phone number above as contact information into the registration form from Defendant's social media post for the Blood Sugar Makeover Masterclass.  The Plaintiff or another individual at Plaintiff's direction or with Plaintiff's permission, completed the form from Defendant's social media post for the Blood Sugar Makeover Masterclass on or around the time the messages were received by Plaintiff.  Defendant states further that any number that receives the three text messages depicted in paragraph 16 of the Complaint, does so because they input a mobile phone number into the form in Defendant's social media post for the Blood Sugar Masterclass indicating a desire to attend the Blood Sugar Makeover

2

Masterclass conducted by Dr. Gupta, after viewing an advertisement on social media. The first email is a confirmation that the individual who entered their phone number is registered for the Masterclass. The second is a prompt to join the Masterclass as it begins. The third text arose due to some technical issues with access to the live online Masterclass. Each text has instructions to opt out of further communications. Once the recipient responds STOP or DND, which the Plaintiff did after the 2nd and 3rd texts, the text messages stop, and the phone number is placed on Defendant's internal do not call list, like Plaintiff's number was in this case. The entire message protocol is capped at one confirmation message and a follow up reminder that the class is about to start, as depicted in paragraph 16 of Plaintiff's Complaint. In this case, because of the technical difficulties some attendees of the Masterclass experienced, a third text message was sent. The complete protocol typically concludes in days from the initial inquiry, as shown in the images in paragraph 16 of the Complaint.

    Defendant states further that by completing the form accessed via Defendant's social media post for the Masterclass, and entering her phone number into the registration form, Plaintiff gave her permission and/or invited communications following up on the inquiry and/or initiated a business relationship with Defendant.  Defendant further states that either Plaintiff entered her own phone number into Defendant's consultation request form, or someone else did

3

intentionally, at Plaintiff's direction, with Plaintiff's permission and/or knowledge, or by mistake.  In either case, Plaintiff has no good faith basis to believe that there are any other individuals similarly situated to Plaintiff, much less a sufficient number of people whose numbers were input by mistake by another individual to satisfy the numerosity requirement for a class.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement:

Plaintiff maintains that there was no prior relationship with Defendant, never signed up for any of their offerings or provided consent to be called.  Nevertheless, it is alleged that text messages were received from the Defendant.

Defendant's Statement:

Defendant does not purchase leads from third party vendors. Defendant generates its own leads through its social media advertisements and posts.  The messages depicted in paragraph 16 of Plaintiff's complaint were sent almost one year after Plaintiff registered the phone number above on the Do Not Call Registry because Plaintiff or another person at Plaintiff's direction, or with Plaintiff's permission and/or knowledge, entered the phone number above as contact information into the registration form from Defendant's social media post for the Blood Sugar Makeover Masterclass.  Entering Plaintiff's specific and unique phone number into the registration form for the online Master Class initiates a series of two

4

reminder text messages, one in advance of the class, and one shortly before the class begins, remining the recipient to join the class at the appropriate time. A third message was sent because of some technical difficulties during the class, to all those registered to attend. All text messages provided opt out instructions, and once Plaintiff opted out, she was placed on Defendants internal Do Not Call list, and text messages ceased.

    **(c)    The legal issues to be tried are as follows:**

1. Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(c)(5));

2. Whether this action should be certified as a class action;

3. Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any defenses Defendant may have; and

4. Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

The parties reserve the right to amend, and/or add to this list of issue to be tried.

    **(d)    The cases listed below (include both style and action number) are:**

        (1)    Pending Related Cases:

        (2)    Previously Adjudicated Related Cases:

None.

**2.    <u>This case is complex because it possesses one (1) or more of the features listed below (please check):</u>**

    \_\_\_\_\_  (1)    Unusually large number of parties

|      |      |                                                                       |
|------|------|-----------------------------------------------------------------------|
| _____ | (2)  | Unusually large number of claims or defenses                         |
| x    | (3)  | Factual issues are exceptionally complex                              |
| x    | (4)  | Greater than normal volume of evidence                                |
| x    | (5)  | Extended discovery period is needed                                   |
| _____ | (6)  | Problems locating or preserving evidence                              |
| _____ | (7)  | Pending parallel investigations or action by government               |
| x    | (8)  | Multiple use of experts                                               |
| _____ | (9)  | Need for discovery outside United States boundaries                   |
| _____ | (10) | Existence of highly technical issues and proof                        |
| x    | (11) | Unusually complex discovery of electronically stored information      |

Defendant denies that these factors apply to resolution of Plaintiff's claim.

3. **Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff:   Anthony Paronich
                              Paronich Law, P.C.

Lead counsel for Defendant:   Cynthia Burnside
                              Holland & Knight, LLP
                              (Withdrawing)

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☐ Yes     ☒ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

6

Defendant's Statement: Not at present with respect to Plaintiff's individual claim. Defendant reserves the right to compel arbitration against purported absent class member(s) who were not contacted in error.

5. **The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

**Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

Plaintiff's Response: To the extent Defendant used any vendor to send any of the subject text messages or calls, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

Defendant's Response: Defendant does not believe there are any necessary parties to this individual TCPA case.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.**

(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel:*   before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

8

**(b)     Summary Judgment Motions:** within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)     Other Limited Motions:** Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)     Motions Objecting to Expert Testimony:** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

The parties propose and request the deadline by which Plaintiff must file a motion for class certification be twelve months from the date of entry of this Scheduling Order.

The parties propose and request the deadline by which the parties must file dispositive motions should be sixty (60) days from the date the Court rules on Plaintiff's motion for class certification.

The parties propose and request the below expert disclosure schedule:

Plaintiff to disclose expert(s) and serve expert report(s) by April 2, 2026

Defendant to disclose expert(s) and/or any rebuttal expert(s) and serve expert report(s) by May 3, 2026; and

Plaintiff to disclose any rebuttal expert(s) and serve rebuttal expert report(s) by June 2, 2026.

**Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

Defendant requests until January 31, 2026 to serve initial disclosures, to permit Defendant to seek replacement Counsel for this matter.

8. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not applicable.

9. **Discovery Period: Defendant requests discovery end August 31, 2026 to accommodate Defendant's need to seek alternative counsel as current counsel has provided notice of intent to withdraw pursuant to Local Rule 83.1.**

**Please state below the subjects on which discovery may be needed:**

Plaintiff's Statement:

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek

from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Defendant's Statement:

Discovery will be needed on the Plaintiff's family, educational, financial, social and criminal background, Plaintiff's social media, cellular phone and data and email accounts and records, the facts surrounding the TCPA and other cases pending in this Court filed by Plaintiff, the evidence that Plaintiff has that the mobile number at issue belongs to her, was under her control at all times, and evidence that it was entered by someone other than Plaintiff or someone at Plaintiff's direction, or with Plaintiff's permission, Plaintiff's engagement of counsel and the terms related thereto, and evidence of damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that**

**discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not believe that discovery should be conducted in phases. The parties currently do not anticipate that additional time may be needed.

The parties agree and request the deadline to complete discovery should be June 16, 2026.

**10. Discovery Limitations:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

Defendant requests until August 31, 2026 to complete discovery to accommodate Defendant's need to seek alternative counsel.

(b) Is any party seeking discovery of electronically stored information?

☒ Yes    ☐ No

**If "yes,"**

    **(1)** The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable

PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**(2)** The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**11. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties intend to seek a protective order of confidentiality.

**12. Settlement Potential:**

**(a)   Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on November 18, 2025 and that they participated in settlement discussions, after which the parties jointly sought a 30 day extension of all deadlines, until December 24, 2026, to attempt to resolve the matter.  Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff:                           Anthony Paronich

For Defendant:                           Cynthia Burnside

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐    A possibility of settlement before discovery.

☐    A possibility of settlement after discovery.

☒    A possibility of settlement, but a conference with the judge is needed.

☐    No possibility of settlement.

**(c)    Counsel ☐ do   ☒ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)    The following specific problems have created a hindrance to settlement of this case.**

Defendant provided financial information requested by Plaintiff's counsel to demonstrate financial inability to satisfy any judgment, and disclosed the existence of prior unsatisfied financial obligations of Real Health Roots, LLC.  No resolution was reached because Defendant was unable to marshal sufficient resources to satisfy Plaintiff's demand despite the small number of messages she received after someone entered her specific and unique mobile phone number into Defendant's online Master Class registration form.

**13.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do**   ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted in this 22nd day of December, 2025

| **PARONICH LAW, P.C.** | **HOLLAND & KNIGHT LLP** |
|---|---|
| /s/ *Anthony I. Paronich* | /s/ *Cynthia G. Burnside* |
| Anthony I. Paronich (admitted *pro hac vice*) | Cynthia G. Burnside |
| 350 Lincoln Street, Suite 2400 | Georgia Bar No.: 097107 |
| Hingham, MA 02043 | Matthew T. Covell |
| Tel: (617) 485-0018 | Georgia Bar No. 190735 |
| anthony@paronichlaw.com | 1180 West Peachtree Street |
| | Suite 1800 |
| *Counsel for Plaintiff and the proposed class* | Atlanta, GA 30309 |
| | Phone: (404) 817-8500 |
| | cynthia.burnside@hklaw.com |
| | matthew.covell@hklaw.com |
| | |
| | *Counsel for Defendant Real Health Roots LLC* |