UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIN WILSON, individually and on
behalf of others similarly situated,

      Plaintiff,

    v.

REAL HEALTH ROOTS, LLC,

      Defendant.

CIVIL ACTION NO.

1:25-CV-3808-SEG

## **O R D E R**

This matter is before the Court on Plaintiff's notice of settlement. (Doc. 20.) Plaintiff filed notice on February 18, 2026, stating that the parties in this case have reached a tentative settlement and "hope to file appropriate dismissal paperwork" within 60 days. (*Id.* at 1.) More than 60 days have passed without any further filings from the parties. The Court enters this order directing Plaintiff to take appropriate action.

Plaintiff filed a class action complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Doc. 1.) Defendant, through counsel, filed an answer. (Doc. 12.) Upon Plaintiff's request, the Court extended Plaintiff's deadline for filing a motion for class certification until a date to be determined after the parties' filing of a joint preliminary report and discovery plan

("JPRDP").  (Doc. 14.)  The parties filed their JPRDP on December 22, 2025. (Doc. 17.)

Plaintiff has not moved for class certification.  Before the Court set a deadline for filing a motion for class certification, counsel for Defendant filed a motion to withdraw.  (Doc. 18.)  The Court granted the motion to withdraw on February 9, 2026, directing Defendant, a limited liability company, to retain new counsel by March 2, 2026.  (Doc. 19.)  On February 18, 2026, Plaintiff filed her notice of settlement, stating that the parties intended to file "appropriate dismissal paperwork."  (Doc. 20.)  However, no dismissal paperwork has been filed, and no counsel has appeared for Defendant.  Instead, counsel for Plaintiff has contacted the Courtroom Deputy by email to inquire as to whether Defendant may properly sign a stipulation of dismissal.

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a).  A plaintiff may voluntarily dismiss an action by notice if (i) a notice of dismissal is filed before the defendant serves either an answer or motion for summary judgment, or (ii) all parties sign a stipulation of dismissal.  Fed. R. Civ. P. 41(a)(1)(A).  If those conditions are not present, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  Fed. R. Civ. P. 41(a)(2).  "The district

court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)).

In its current posture, this case is not appropriate for voluntary dismissal by notice under Rule 41(a)(1).  Dismissal under Rule 41(a)(1)(A)(i) is not available because Defendant has filed an answer.  Dismissal under Rule 41(a)(1)(A)(ii) is not available because Defendant has appeared in this case but has since lost counsel.  Defendant cannot sign a stipulation of dismissal without representation.  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel.").

If Plaintiff intends to seek voluntary dismissal, she should request a court order under Rule 41(a)(2).  Plaintiff should explain whether she seeks dismissal with or without prejudice and whether she seeks class certification for the purposes of settlement under Federal Rule of Civil Procedure 23(e).  *See, e.g., Cooley v. LCZJ, Inc.*, No. 2:20-CV-6172, 2022 WL 4094473, at *1 (S.D. Ohio Sept. 7, 2022) (finding "dismissal by Court order under Rule 41(a)(2) is

3

necessary" because the unrepresented entity defendants did not sign stipulation of dismissal).

For the foregoing reasons, Plaintiff is **DIRECTED** to respond **within 21 days of this order** by filing a motion for voluntary dismissal or another motion or status report explaining how it intends to prosecute this case.

**SO ORDERED** this 1st day of May, 2026.

SARAH E. GERAGHTY
United States District Judge