UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIN WILSON, individually and on
behalf of others similarly situated,

Plaintiff,

v.

REAL HEALTH ROOTS, LLC,

Defendant.

CIVIL ACTION NO.

1:25-CV-3808-SEG

# **O R D E R**

This matter is before the Court on Plaintiff's motion for voluntary dismissal with prejudice. After careful consideration, the Court enters the following order.

## I.    **Background**

Plaintiff filed this putative class action on July 9, 2025, under the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Doc. 1.) Plaintiff alleged that Defendant, a limited liability company registered and operating in Texas, sent advertising and marketing messages to telephone numbers on the National Do Not Call Registry. Defendant, through counsel, filed an answer on September 4, 2025. (Doc. 12.)

On January 20, 2026, Defendant's counsel filed a motion to withdraw as counsel for Defendant. (Doc. 18.) The Court granted the motion to withdraw.

(Doc. 19.)  Because limited liability companies must be represented in court by an attorney, the Court ordered Defendant to retain new counsel.  (*Id.* at 2.) However, no new counsel has appeared on behalf of Defendant.

Plaintiff filed a notice of settlement on February 18, 2026, stating that the parties reached a tentative settlement and hoped to file for dismissal within 60 days.  (Doc. 20.)  On May 1, 2026, the Court issued an order directing Plaintiff to file a motion for voluntary dismissal or another motion or status report explaining how it intends to prosecute this case.  (Doc. 21.)  Plaintiff filed a motion for voluntary dismissal on the same day.  (Doc. 22.)

## II.    Legal Standard

Motions to voluntarily dismiss are governed by Federal Rule of Civil Procedure 41(a).  If a defendant has not yet filed an answer or a motion for summary judgment, Rule 41(a)(1) permits a plaintiff to voluntarily dismiss an action without prejudice without first seeking leave from the court.  However, after an answer or motion for summary judgment has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced."  *Versa Prod., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004).

2

Significantly, "a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). "It is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation" and denying a request to dismiss is only appropriate if a defendant would lose a "substantial right." *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) (cleaned up).

"When granting a voluntary dismissal, 'the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" *Emergency Recovery, Inc. v. Hufnagle*, 77 F.4th 1317, 1329 (11th Cir. 2023) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)). In particular, a court should take care "to protect the defendant's interests[.]" *Id.* "The district court has the discretion under Rule 41(a)(2) to dismiss [a plaintiff's] case with prejudice." *Cunningham v. Whitener*, 182 F. App'x 966, 971 (11th Cir. 2006).

## III.   Discussion

Plaintiff moves for dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  (Doc. 22.)  Plaintiff asserts that the parties in this case have

reached a full and final settlement, that the terms of the settlement have been performed, and that Plaintiff no longer wishes to pursue this matter.  Plaintiff moves for an order of dismissal with prejudice, with each party bearing its own costs and fees unless otherwise agreed.

The Court finds that dismissal with prejudice is warranted pursuant to Rule 41(a)(2).  It appears that the parties have resolved this matter.  Moreover, Defendant was provided with an opportunity to retain new counsel and oppose dismissal, but it has not done so.  *See* Local R. 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").  Defendant has expended limited time and expenses defending this case, which is still in its early stages.  Plaintiff has not moved for class certification, no scheduling orders have been issued, and no dipositive motions have been filed.  Dismissal with prejudice, pursuant to the parties' agreement, should adequately protect Defendant's interests.

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for voluntary dismissal.   (Doc. 22.)   This action is **DISMISSED WITH PREJUDICE.**  Each party shall bear its own costs and fees unless otherwise agreed.  As no matters remain pending, the Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 18th day of May, 2026.

SARAH E. GERAGHTY
United States District Judge