OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE, S.W.
**ATLANTA, GEORGIA 30303**

OFFICIAL BUSINESS

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 17 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

FIRST-CLASS
US POSTAGE PITNEY BOWES
ZIP 30303  $ 001.90⁰
02 7W
0008042126 MAY 01 2026

SEG

Atlanta, GA 30303
U.S. Marshals Service

JUN 17 2026
CLEARED DATE



NIXIE        731   4E 18CU      01

RETURN TO SENDER
UNDELIVERABLE AS ADDRESS
UNABLE TO FORWARD

BC: 30303331861    2266N149153

Case: 1:25-cv-03808-SEG

Real Health Roots, LLC
3300 N. A Street, Building 8
Suite 125
Midland, TX 79705

---

Electronic Filing is mandatory for all attorneys. If you are a bar member in good standing with the Northern District of Georgia or an attorney admitted pro hac vice, you must obtain or upgrade to an individual PACER account. You may obtain a PACER account if you do not have one at https://PACER.uscourts.gov. If you have a PACER account, log into PACER and click on *Manage Your Account* to confirm that your account type is **Upgraded PACER account**. If you have a Legacy account, you will need to complete the upgrade process.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIN WILSON, individually and on
behalf of others similarly situated,

        Plaintiff,

        v.

REAL HEALTH ROOTS, LLC,

        Defendant.

CIVIL ACTION NO.

1:25-CV-3808-SEG

## **O R D E R**

This matter is before the Court on Plaintiff's notice of settlement. (Doc. 20.) Plaintiff filed notice on February 18, 2026, stating that the parties in this case have reached a tentative settlement and "hope to file appropriate dismissal paperwork" within 60 days. (*Id.* at 1.) More than 60 days have passed without any further filings from the parties. The Court enters this order directing Plaintiff to take appropriate action.

Plaintiff filed a class action complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Doc. 1.) Defendant, through counsel, filed an answer. (Doc. 12.) Upon Plaintiff's request, the Court extended Plaintiff's deadline for filing a motion for class certification until a date to be determined after the parties' filing of a joint preliminary report and discovery plan

("JPRDP"). (Doc. 14.) The parties filed their JPRDP on December 22, 2025. (Doc. 17.)

Plaintiff has not moved for class certification. Before the Court set a deadline for filing a motion for class certification, counsel for Defendant filed a motion to withdraw. (Doc. 18.) The Court granted the motion to withdraw on February 9, 2026, directing Defendant, a limited liability company, to retain new counsel by March 2, 2026. (Doc. 19.) On February 18, 2026, Plaintiff filed her notice of settlement, stating that the parties intended to file "appropriate dismissal paperwork." (Doc. 20.) However, no dismissal paperwork has been filed, and no counsel has appeared for Defendant. Instead, counsel for Plaintiff has contacted the Courtroom Deputy by email to inquire as to whether Defendant may properly sign a stipulation of dismissal.

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a). A plaintiff may voluntarily dismiss an action by notice if (i) a notice of dismissal is filed before the defendant serves either an answer or motion for summary judgment, or (ii) all parties sign a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A). If those conditions are not present, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "The district

court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)).

In its current posture, this case is not appropriate for voluntary dismissal by notice under Rule 41(a)(1). Dismissal under Rule 41(a)(1)(A)(i) is not available because Defendant has filed an answer. Dismissal under Rule 41(a)(1)(A)(ii) is not available because Defendant has appeared in this case but has since lost counsel. Defendant cannot sign a stipulation of dismissal without representation. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel.").

If Plaintiff intends to seek voluntary dismissal, she should request a court order under Rule 41(a)(2). Plaintiff should explain whether she seeks dismissal with or without prejudice and whether she seeks class certification for the purposes of settlement under Federal Rule of Civil Procedure 23(e). *See, e.g., Cooley v. LCZJ, Inc.*, No. 2:20-CV-6172, 2022 WL 4094473, at *1 (S.D. Ohio Sept. 7, 2022) (finding "dismissal by Court order under Rule 41(a)(2) is

3

necessary" because the unrepresented entity defendants did not sign stipulation of dismissal).

For the foregoing reasons, Plaintiff is **DIRECTED** to respond **within 21 days of this order** by filing a motion for voluntary dismissal or another motion or status report explaining how it intends to prosecute this case.

**SO ORDERED** this 1st day of May, 2026.

SARAH E. GERAGHTY
United States District Judge

## Other Orders/Judgments

<u>1:25-cv-03808-SEG Wilson v.</u>
<u>Real Health Roots, LLC</u>

4months,SUBMDJ

### U.S. District Court

### Northern District of Georgia

## Notice of Electronic Filing

The following transaction was entered on 5/1/2026 at 9:26 AM EDT and filed on 5/1/2026
**Case Name:**          Wilson v. Real Health Roots, LLC
**Case Number:**      <u>1:25-cv-03808-SEG</u>
**Filer:**
**Document Number:** <u>21</u>

**Docket Text:**
**ORDER: Plaintiff is DIRECTED to respond within 21 days of this order by filing a motion for voluntary dismissal or another motion or status report explaining how it intends to prosecute this case. Signed by Judge Sarah E. Geraghty on 5/1/2026. (ane)**

**1:25-cv-03808-SEG Notice has been electronically mailed to:**

Anthony I. Paronich      anthony@paronichlaw.com, anthony.paronichlaw.com@recap.email

Valerie Lorraine Chinn      vchinn@chinnlawfirm.com

**1:25-cv-03808-SEG Notice has been delivered by other means to:**

Real Health Roots, LLC
3300 N. A Street, Building 8
Suite 125
Midland, TX 79705

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060868753 [Date=5/1/2026] [FileNumber=15721506-0
] [aa76f5e75b7790e6a92b201d17dedc2de305821419712a8bd98190d54e7e148910c
cb4f02bbf684eeacb86293b2290406aee15996bf70c0bfd2b4ca138dc56d2]]